No. 13-12404-FF

**In the United States District Court of Appeals for the Eleventh Circuit**

**Teri Lynn Hinkle,**

*Plaintiff-Appellant*,

v.

**ARS National Services, Inc.**

*Defendant-Appellee*,

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA,**
Case No. 3:12-cv-00052-DHB-WLB

**RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR REINSTATEMENT AND EXTENSION OF TIME TO FILE APPELLANT'S BRIEF**

Jonathan K. Aust
Georgia Bar No.
John H. Bedard, Jr.
Georgia Bar No. 043473
Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd., Ste D
Duluth, Georgia 30097
Telephone: (678) 253-1871
Facsimile: (678) 253-1873
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com

ii

# CERTIFICATE OF INTERESTED AND
# CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Circuit Local Rule 26.1-1, Appellee ARS National Services, Inc. ("ARS") furnishes a complete list of the following:

1. ARS National Services, Inc.

2. Aust, Jonathan K., attorney for appellee

3. Bedard, John H., attorney for appellee

4. Bedard Law Group, attorneys for appellee

5. Bowen, Dudley H., district court judge

6. Hinkle, Teri Lynn, appellant

## STATEMENT REGARDING ORAL ARGUMENT

ARS does not request oral argument for responding to Appellant Teri Lynn Hinkle's "Motion for Reinstatement and Extension of Time to File Appellant's Brief."

# TABLE OF CONTENTS

Certificate of Interested Person……………………………………………………… i

Statement Regarding Oral Argument……………………………………………ii

Table of Authorities…………………………………………………………………..iv

Statement of the Case

      Procedural History…………………………………………………...1 to 2

Summary of Argument……………………………………………………………..3

Argument

      1. Hinkle Failed To Comply With 11th Cir. R. 42-2(e)……………………..4

      2. Hinkle Should Not Have Additional Time To File Her Brief……….5 to 6

Conclusion………………………………………………………………………….7

Certificate of Compliance…………………………………………………………..8

Certificate of Service………………………………………………………………9

# TABLE OF AUTHORITIES

**11th Circuit Court of Appeals Local Rules**

11th Cir. R. 26(b)……………………………………………………………….4

11th Cir. R. 42-2…………………………………………………………….....4

11th Cir. R. 42-2(b)…………………………………………………………….5

11th Cir. R. 42-2(c)…………………………………………………………....4

11th Cir. R. 42-2(e)……………………………………………...3, 4, 5, and 7

## STATEMENT OF THE CASE

### Procedural History

On May 20, 2013, the United States District Court for the Southern District of Georgia granted ARS' motion for summary judgment and motion for sanctions, awarding to ARS $5,518.50 in fees. The Court determined Hinkle filed her complaint in bad faith (Doc. 45). Hinkle filed her notice of appeal on May 28, 2013 appealing the grant of summary judgment and the award of attorney's fees (Doc. 47). On June 3, 2013 Hinkle filed her motion to proceed in forma pauperis (Doc. 50) and the district court denied her motion on June 21, 2013 (Doc. 52).

On July 23, 2013, Hinkle filed her Motion for Permission to Appeal In Forma Pauperis and Affidavit with this Court. On September 23, 2013, this Court denied her motion and stated "the district correctly granted ARS' motion for summary judgment, and properly awarded attorney's fees to ARS in the amount of $5,518.50." In a letter dated October 22, 2013, the Clerk of Court provided the briefing schedule informing Hinkle that she had until December 2, 2013 to file her brief and then seven days after filing that to submit her appendix. No brief was filed or served. Pursuant to 11th Cir. R. 42-2(c), the Clerk of Court dismissed

Hinkle's appeal for failure to prosecute. Hinkle now moves to reinstate the appeal and requests an extension of time to file her brief.[1]

---

[1] ARS was served with "Appellant's Motion for Reinstatement and Extension of Time to File Appellant's Brief" on January 14, 2014. The undersigned spoke with the Clerk's office on January 27, 2014 and was informed that it had not yet filed Hinkle's motion. Out of an abundance of caution, ARS submits this brief on the date it believes to be its response date.

## SUMMARY OF ARGUMENT

1. <u>Hinkle Failed To Comply With 11th Cir. R. 42-2(e)</u>

Hinkle's exclusive remedy is to timely file a motion to set aside the dismissal pursuant to 11th Cir. R. 42-2(e). Such motion must be filed within 14 days of the clerk's entry of dismissal and must provide an extraordinary circumstance. Hinkle failed to timely file a motion pursuant to 11th Cir. R. 42-2(e) and failure to receive the notice is not a sufficient extraordinary circumstance.

2. <u>Hinkle Should Not Have Additional Time To File Her Brief</u>

In the event this Court sets aside the dismissal, Hinkle should not be provided additional time to file her brief. Hinkle has had since May 2013 to prepare her brief. She should be limited to only five days to submit her brief from the date of this Court's order.

## ARGUMENT

### I.  Hinkle Failed To Comply With 11th Cir. R. 42-2(e).

11th Cir. R. 42-2(c) states an appeal is treated as dismissed for failure to prosecute on the first business day following the due date of the brief. A delay or failure to receive the briefing schedule does not affect a pro se litigant's obligation to file a brief within the times required by the rules.[2] A party's exclusive remedy when an appeal is dismissed pursuant to 11th Cir. R. 42-2 is to file a motion to set aside dismissal pursuant to 11th Cir. R. 42-2(e). This rule requires the timely filing of a motion showing "extraordinary circumstances." To be timely the motion must be filed within 14 days of the clerk's entry of dismissal.[3]

Hinkle's motion was not timely. The Clerk's entry of dismissed was filed January 3, 2014; therefore, a timely motion to set aside must have been filed no later than January 17, 2014. To date, no such motion has been filed.

Hinkle failed to seek relief under this Court's exclusive remedy; 11th Cir. R. 42-2(e). Hinkle's appeal was dismissed pursuant to 11th Cir. R. 42-2(c). Hinkle served a motion requesting "reinstatement" of her appeal and seeking an extension to file brief pursuant to 11th Cir. R. 26(b). Hinkle failed to submit a motion or brief

---

[2] 11th Cir. R. 42-2(b).
[3] 11th Cir. R. 42-2(e).

- 4 -

pursuant to 11th Cir.R. 42-2(e) requesting that the dismissal be set aside. That local rule is Hinkle's exclusive remedy to have the dismissal set aside.

Hinkle's basis for "reinstating" the appeal is that she did not receive the Court's October 22, 2013 briefing schedule. 11th Cir.R. 42-2(b) specifically provides "failure to receive such notice does not affect the obligation ... of pro se parties to file the brief and appendix within the time permitted by the rules." Hinkle testified she did not receive utility bills in October and November 2013 and then started receiving mail in December 2013.[4] It is Hinkle's obligation, regardless of whether she receives the briefing schedule or not, to timely file her brief. Hinkle could have contacted the Clerk's office when she became aware of the fact that mail was not delivered. She failed to do so. Hinkle failed to fulfill her obligation and has failed to provide an extraordinary circumstance. Her motion to "reinstate" the appeal should be denied.

## II.     Hinkle Should Not Have Additional Time To File Her Brief

If the Court sets aside the dismissal Hinkle should not be granted "the amount of time prescribed by the rules for Appellant to prepare and submit her brief." Hinkle contends she was waiting for instruction as to the deadline her brief was due and that she needs sufficient time to respond. Hinkle filed her notice of appeal

---

[4] Appellant's Motion for Reinstatement and Extension of Time to File Appellant's Brief, Aff. ¶ 7.

on May 28, 2013 and this Court denied her request to proceed informa pauperis on September 23, 2013. Hinkle has had more than enough time to prepare any materials. If this Court is inclined to allow her appeal, her deadline should be limited to no more than five (5) days from this Court's ruling on setting aside the dismissal.

## CONCLUSION

Hinkle has failed to timely request relief under 11th Cir. R. 42-2(e) which is her exclusive remedy for setting aside the dismissal. Even if she submitted a proper and timely motion she failed to fulfill her obligation under this Court's rules. Her appeal should not be reinstated or set aside and her motion should be denied. In the event this Court sets aside the dismissal, she should only be granted an extension of five days to file her brief.

## CERTIFICATE OF COMPLIANCE

This is the certify that this brief complies with Federal Rule of Appellate Procedure 32(a)(7)(B).  This brief is submitted in 14-point Times New Roman Font, and contains 1,348 words.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed Appellee's Response in Opposition to Appellant's Motion for Reinstatement and Extension of Time to File Appellant's Brief with the Clerk using the CM/ECF system and by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate

    Teri Lynn Hinkle
    322 Bethel Street
    Eastman, Georgia 31023

Respectfully submitted this 27th day of January 2014.

                                          **BEDARD LAW GROUP, P.C.**
                                          /s/ Jonathan K. Aust
                                          Jonathan K. Aust
                                          Georgia Bar No. 448584
                                          John H. Bedard, Jr.
                                          Georgia Bar No. 043473